ISAAC A. WING *vs.* L. E. BRADSTREET & SONS COMPANY.

Cumberland.    Opinion November 16, 1916.

*Master and servant. Necessary knowledge of incompetency on part of master, or employer, to sustain liability. Proof necessary under allegation of incompetent servant.*

Plaintiff seeks to recover damages for personal injuries sustained through the alleged negligence of defendant company. The special negligence complained of in the plaintiff's writ was that the person running the elevator upon which plaintiff was injured was "An incompetent servant, which fact was known to the defendant."

*Held;*

1. Incompetency cannot be inferred from a single act of negligence, even if the accident, as the plaintiff claims, showed Pearl Bradstreet a negligent and incompetent servant. Before the master could be held responsible, the evidence must show that the defendant knew, or by the exercise of due care should have known, that he was an incompetent and negligent servant. This must be known, or, by the exercise of due care, should have been known before the accident. Knowledge after the accident is not sufficient.

2. The evidence in this case did not authorize the jury to find that Pearl Bradstreet was incompetent to operate the hoisting engine and elevator at the time of the accident. Their verdict must have been reached by a misapprehension of the evidence, or by bias, prejudice or sympathy for the plaintiff in his misfortune.

Action on the case to recover damages for certain injuries sustained through the alleged negligence of the defendant company. Defendant pleaded general issue, and also filed specifications of defense to be used under the plea of general issue. Verdict for plaintiff in the sum of thirty-three hundred and seventy dollars. Defendant filed motion for new trial. Motion sustained. New trial granted.

Case stated in opinion.

*Thomas A. Saunders, and Charles E. Gurney,* for plaintiff.

*Newell & Woodside,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHILBROOK, JJ.

HALEY, J. An action on the case to recover for personal injuries received by the plaintiff while in the employ of the defendant. The case has previously been before this court, and is reported in the 114th Maine, 481, at which time a verdict for the plaintiff was set aside. The opinion above referred to states the facts of the case, and it is unnecessary to repeat them. The verdict was set aside because Pearl Bradstreet, of whose negligence the plaintiff complained, if negligent, was a fellow servant of the plaintiff.

At the second trial the plaintiff relied upon the allegation in the declaration that Pearl Bradstreet was an incompetent servant, which fact was known to the defendant. As stated at the trial, "the issue here is the employment of an incompetent and negligent servant, knowing him to be such." The verdict was for the plaintiff, and the defendant brings the case to this court on a motion for a new trial.

It is urged that additional evidence of Pearl Bradstreet's incompetency to operate the hoisting engine and elevator was produced at the second trial, which, with the evidence given at the former trial, proved his incompetency to perform the work in which he was

engaged. As to his physical disability, we reaffirm what was said in the opinion of *Wing* v. *Bradstreet,* supra: "It is urged that he was incompetent on account of the loss of his right leg; but all that he had to do with his foot was to use his left foot on the brake, and he surely was as competent to use his left foot on the brake as he would have been if he had had a right foot. And the fact that for many years he had had charge of the building of large buildings, and had had no difficulty in going to all parts of them, and during the same period had had experience in operating hoisting engines and elevators, and no evidence in the record tending to show his incompetency, except as argued by the plaintiff from the fact that he had lost his right foot and a part of his right leg, falls far short of proof that he was incompetent to operate the engine and elevator."

The plaintiff claims that it is proved that Pearl Bradstreet was an incompetent and negligent servant, because several years before this accident he met with an accident in operating an elevator. The testimony upon this point shows that on the day of that accident, Mr. Bradstreet had been out on a building the defendant was constructing; that it had been snowing, and that when he went into the engine room the engineer wished to be relieved and Mr. Bradstreet took his place; that there was snow upon his boots or shoes; that because of the snow his foot slipped on the brake and entered some part of the machinery which jammed his toes, severing one of them; that from this injury blood poisoning developed and his leg was amputated a few inches above the knee. We do not think that because, in a climate like ours, a person gets snow upon his shoes and slips he should be considered incompetent to operate a hoisting elevator. That was an accident, liable to happen to the most prudent, although not always attended with such unfortunate results, and has no tendency to prove that five years afterwards he was an incompetent servant.

Another fact which the plaintiff claims authorized the jury to find that Pearl Bradstreet was incompetent is that, five years before, he (Bradstreet) was operating a hoisting engine and was given the proper bells to lower the elevator, and he lowered it very swiftly to within two or three feet of the basement floor. No one was injured, and no notice was given him to stop the ele-

vator at any particular place.   Assuming that all the plaintiff's brother testifies to is true, it is no proof that Pearl Bradstreet was either incompetent or negligent.   The lowering once of a freight elevator, used for the carrying of material for the construction of a building, a few feet below the floor where the fellow-servant wished the elevator to stop, as testified to by the witness, is not evidence of negligence, when there was no accident or danger of any injury to any person.   It was an occurrence such as frequently happens with prudent men on both freight and passenger elevators.

The plaintiff introduced the testimony of two witnesses, claiming them to be experts, to prove the incompetency of Pearl Bradstreet to operate the hoisting engine and elevator, and they state that one and one-half years is the time recognized in the business as the time required "to learn to operate a hoisting engine, learn the management of the thing."   It is evident that the purpose of this testimony was to lead the jury to believe that one and one-half years was the time necessary to learn to operate a hoisting engine.   If that was the purpose, it was such reckless and incredible testimony that it neither proved, nor tended to prove, the statement made by the witnesses.   It is so improbable, incredible and contrary to the common knowledge of men that it is entitled to no credence.

The only other evidence of the incompetency or negligence of Pearl Bradstreet, as claimed by the plaintiff, is the inference that is sought to be drawn from the occurrence of the accident complained of.   "Incompetency cannot be inferred from a single act of negligence."   Even if the accident, as the plaintiff claims, showed Pearl Bradstreet a negligent and incompetent servant, before the master could be held responsible the evidence must show that the defendant knew or, by the exercise of due care, should have known that he was an incompetent and negligent servant.   This must be known, or, by the exercise of due care, should have been known before the accident.   Knowledge after the accident is not sufficient. *Igo* v. *Boston Elevated R. R. Co.,* 204 Mass., at P. 202; *Montgomery Nat. Bank* v. *Chandler* 144 Ala., 286; *Baulec* v. *N. Y. & Harlem R. R. Co.,* 59 N. Y., 356; 17 Am. Reports, 325.

As the evidence did not authorize the jury to find that Pearl Bradstreet was incompetent to operate the hoisting engine and elevator at the time of the accident, their verdict must have been

reached by a misapprehension of the evidence, or by bias, prejudice or sympathy for the plaintiff in his misfortune, and the mandate must be,

*Motion sustained.*
*New trial granted.*